IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY, and FELIX GILLISON, JR, on behalf of themselves and all individuals similarly situated<br><br>Plaintiffs<br><br>v.<br><br>BIG PICTURE LOANS, LLC; MATT MARTORELLO; ASCENSION TECHNOLOGIES, INC.; DANIEL GRAVEL; JAMES WILLIAMS, JR; GERTRUDE MCGESHICK; SUSAN MCGESHICK; and GIIWEGIIZHIGOOKWAY MARTIN<br><br>Defendants | CIVIL CASE NO. 3:17-cv-00461-REP<br><br>18-MC-557(PAD)<br><br> |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO JAMES VINCENT DOWD TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

**TO THE HONORABLE COURT:**

**NOW COMES,** nonparty James Vincent Dowd, through the undersigned counsel, and respectfully states and prays as follows:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparty James Vincent Dowd ("Dowd") moves this Court for an Order quashing Plaintiffs' August 18, 2018 Subpoena for Dowd to Testify at a Deposition in a Civil Action (the "Subpoena") in the matter of *Lula Williams v. Big Picture Loans, LLC*, No. 3:17-cv-00461 (REP) (E.D. Va. filed June 22, 2017).  In support of this Motion, Dowd states as follows.

## BACKGROUND

On June 22, 2017, Plaintiffs sued Defendants Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, Inc., ("Ascension") (collectively the "Tribal Defendants") in the Eastern District of Virginia, alleging Tribal Defendants are participants in a RICO conspiracy to violate state usury laws. Dowd is an employee of Ascension.

Big Picture and Ascension are arms and instrumentalities of Lac Vieux Desert Band of Lake Superior Chippewa, Indians ("LVD"), a federally recognized Indian tribe. Big Picture operates an online lending operation where consumers can seek short term loans from Big Picture. Ascension provides various lending-related services to Big Picture.

The threshold issue in the underlying action is whether tribal sovereign immunity bars Plaintiffs' claims. As a federally recognized Indian tribe, LVD inherently possesses all the attributes of sovereignty and is a sovereign government. To that end, the Tribal Defendants sought to have the case dismissed on jurisdictional grounds. The Tribal Defendants are wholly owned and operated economic arms and instrumentalities of LVD. Tribal Defendants are companies organized under and governed by LVD law. Tribal Defendants have not consented to a waiver of their sovereign immunity from suit. As such, tribal sovereign immunity bars Plaintiffs' claims.

On September 29, 2017, Tribal Defendants moved the district court under Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' claims as they contended, in part, they were immune from suit as arms of the Tribe. (**Exhibit 1**). On June 26, 2018, the Eastern District of Virginia issued an Order denying Tribal Defendants' motion, and, after an unusual circumstance over unsealing protected documents, on July 3, 2018 that Court issued a Memorandum and Opinion related thereto under seal, which was later unsealed by the district court. (**Exhibits 2 and 3**).

On July 19, 2018, Tribal Defendants filed their Notice of Appeal with the Fourth Circuit Court of Appeals to appeal the denial of tribal sovereign immunity as a bar to Plaintiffs' claims. (**Exhibit 4**). Although the Tribal Defendants' Notice of Appeal functionally divested the Court of jurisdiction, because there were outstanding obligations related to discovery, pending motion practice related to the sealed Opinion, and procedural orders related to case management and scheduling, out of respect and deference to the Court and to clear up any uncertainty related to the discovery and procedural matters, on July 20, 2018 the Tribal Defendants filed a motion to stay all proceedings, noting that jurisdiction had been divested and seeking to confirm that all proceedings were stayed pending the outcome of the appeal.[1]

On July 25, 2018, the Court held a pre-trial conference and instructed the parties that Plaintiffs could proceed with class discovery only as to co-defendant Matt Martorello and that the issue of whether discovery was stayed as to the Tribal Defendants' discovery would be decided by the Court at a later date after full briefing on the matter was submitted. (**Exhibit 5** at p. 25:2-5). The Tribal Defendants' motion to stay remains pending and awaiting decision from the district court. In the interim, the Tribal Defendants' appeal before the Fourth Circuit is actively underway.

Despite the Court's direct instructions, on August 17, 2018, and August 18, 2018, Plaintiffs served three Rule 45 subpoenas on the Tribal Defendants counsel for the same Ascension employees, including Dowd, and a third employee. (**Exhibit 6**).

Counsel for Tribal Defendants and Plaintiffs met and conferred on whether depositions of these individuals were permitted in light of the pending motion to stay and divestiture of jurisdiction over the Tribal Defendants in light of the pending notice of appeal.

---

[1] On July 24, 2018, co-Defendant Martorello filed a motion to stay as well.

On August 20, 2018, Dowd was personally served the subpoena without tender of witness fees. The subpoena offered no information about the nature of the testimony sought.

On August 28, 2018, Plaintiffs' counsel made clear that, despite the pending motion to stay, they planned to proceed with the Rule 45 depositions and depose the Tribal Defendants' employees about matters pending before the Fourth Circuit: "Yes, we intend to ask them questions about their employment with Ascension." (**Exhibit 7**). Put another way, despite the case not proceeding against Ascension due to the pending notice of appeal, Plaintiffs have attempted to use

Rule 45 governing *non-party* discovery to subpoena a *party* employee to a deposition and to then ask that Ascension employee about Ascension's operations. For the reasons below, that attempted end-run around party discovery is improper. Without any additional time to resolve this disagreement amicably, and with Plaintiffs' counsel refusing to withdraw the Subpoena, Dowd has no other option but to timely move to quash the Subpoena.

## ARGUMENT

### I.    Applicable legal standard.

A court must quash a subpoena "that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the information's value to the serving party." *W Holding Co. v. Chartis Ins. Co.*, 42 F. Supp. 3d 319, 321-322 (D.P.R. 2014). A court will consider "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. International Business Machines Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

As a threshold matter, the subpoena must be issued with a court having the jurisdiction to do so. And, "[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense.'" *Builders Ass'n of Greater Chicago v. City of Chicago*, Case No. 96 C 1122, 2002 U.S. Dist. LEXIS 8461, 2002 WL 1008455, at *4 (N.D. Ill. May 13, 2002) (quoting now Rule 45(d)(1)); *see also Thompson v. Carrier Corp.*, No. 3:06-cv-90, 2009 U.S. Dist. LEXIS 97322 (M.D. Ga. Oct. 21, 2009) (granting a motion to quash subpoenas issued after the filing of a notice of appeal, which divested the district court of jurisdiction).

## II.   The Subpoena is defective because it did not include fees.

Pursuant to Fed. R. Civ. P. 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." These fees must be tendered at the time of the service of the subpoena. *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) (citing 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 45.06[1] (2d ed. 1982)). A subpoena served without accompanying fees and allowable mileage is not valid, and it is proper for a district court to quash such an improper subpoena. *See In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003); *CF & I Steel Corp.*, 713 F.2d at 496.

When the Subpoena was served on Dowd, no fees were tendered, therefore rendering the Subpoena defective. This Court should therefore quash the Subpoena.

## III.   The Subpoena is defective and unduly burdensome for lack of jurisdiction.

On July 19, 2018, Tribal Defendants appealed to the Fourth Circuit the district court's denial of their claim of tribal sovereign immunity. *See Williams v. Big Picture Loans, LLC*, No. 18-1827 (4th Cir. docketed July 23, 2018). An interlocutory appeal of a denial of immunity "divests a district court of jurisdiction to proceed with trial unless the district court certifies the

appeal as frivolous." *In re Facebook, Inc.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014); *Eckert Intern, Inc. v. Gov't of Sovereign Democratic Republic of Fiji*, 834 F. Supp. 167, 174 (E.D. Va. 1993) (holding that the defendant's interlocutory appeal based on immunity "divests this Court of jurisdiction over the remaining matters").

The complete divesture of the district court's jurisdiction over Big Picture and Ascension serves to halt all pre-trial proceedings against them, including discovery and the issuance of third-party subpoenas to their employees, until the appellate court can answer the "threshold immunity question." *In re Facebook, Inc.*, 42 F. Supp. 3d at 558 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)). By issuing this Subpoena, Plaintiffs are attempting to exercise jurisdiction outside of the district court's authority and trample on Tribal Defendants' immunity. Thus, the subpoena must be quashed. *See, e.g., Thompson v. Carrier Corp.*, No. 3:06-cv-90, 2009 U.S. Dist. LEXIS 97322 (M.D. Ga. Oct. 21, 2009) (granting a motion to quash subpoenas issued after the filing of a notice of appeal, which divested the district court of jurisdiction); *Henkel v. Lickman*, 304 B.R. 897 (Bankr. M.D. Fla. 2004) (applying the "Divesture Rule" to quash subpoenas issued after the filing of a notice of appeal, because the court was divested of jurisdiction upon the filing of a notice of appeal).

## VI. The Tribal Defendants have moved to stay all further proceedings in the district court.

In light of the want of jurisdiction, and in the face of a pending motion to stay, the Subpoena constitutes an undue burden on the deponent.

Plaintiffs have issued a deposition Subpoena to Dowd, seeking to depose him on issues relating to his employment with Ascension; a tribal entity that has currently appealed the district court's holding that the case can proceed against it, and that has also moved for a stay in proceedings, which remains pending. That motion to stay is based on the fact that the very

jurisdiction of the district court has been divested, and also based on the fact that a stay is independently warranted based on the application of the discretionary factors for a stay. In that circumstance, courts have consistently held that the quashing of the subpoena until the pending motion to stay is resolved is appropriate. *See, e.g., Williams v. Sampson*, No. C17-0092-JCC, 2017 U.S. Dist. LEXIS 55461, *4 (W.D. Wa. Mar. 11, 2017) (quashing subpoenas in light of pending jurisdictional motions and related motion to stay); *Wedemeyer v. Pneudraulics, Inc.*, No. CV411-135, 2011 U.S. Dist. LEXIS 116725, *4 (S.D. Ga. Sept. 15, 2011) (quashing subpoenas in light of pending dispositive motions and related motion to stay); *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues.")).

Despite these commonsense principles, Plaintiffs have taken the position that they can notice depositions of individual Ascension employees and inquire about Ascension's activities. Even more, Plaintiffs are boldly claiming that they can use Rule 45 to subpoena Dowd to attend a deposition based on his status as a shareholder in a third-party entity, but to then ask him questions about his activities at <u>Ascension</u>. Despite numerous requests for any authority supporting that attempted end-run around the pending motion to stay, Plaintiffs have supplied none. That is unsurprising, as the authority squarely favors Dowd. *See, e.g., Wade v. City of Fruitland*, 287 F.R.D. 638, 643 (D. Id. 2013) (granting motion to quash Rule 45 subpoena attempting to discover information from a non-party that the underlying district court had stayed with respect to the party-defendant: "Judge Ryan, although ordering Canyon County to turn over the records, issued a stay of that order pending appeal. If this Court ordered compliance with the Rule 45 subpoena with respect to the three binders, it would nullify Judge Ryan's order and allow Wade to circumvent the

stay."); *cf. Golden v. Mentor Capital, Inc.*, No. 2:15-CV-00176-JNP, 2017 U.S. Dist. LEXIS 182935, *2 ("A Rule 45 subpoena should not be used as an improper attempt to circumvent the discovery deadline. The court therefore will GRANT the Motion to Quash."). Thus, the Subpoena should be quashed.

**WHEREFORE**, nonparty James Vincent Dowd respectfully moves this Court for an Order quashing Plaintiffs' August 18, 2018 Subpoena for Dowd to Testify at a Deposition in a Civil Action (the "Subpoena") in the matter of *Lula Williams v. Big Picture Loans, LLC*, No. 3:17-cv-00461 (REP) (E.D. Va. filed June 22, 2017).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th Day of September, 2018.

**LEDESMA & VARGAS, LLC.**
P.O. Box 194089
San Juan, PR 00919
Tel: (787) 296-9500

*s/Fransheska Pabón*
*López* Fransheska Pabón
López USDC No.
229104
fpabon@lvvlaw.com